

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal Action No. 3:09CR347

JOHN A. BRYANT

### MEMORANDUM OPINION

John A. Bryant, a federal inmate initially proceeding pro
se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255
Motion," ECF No. 60).[1] Bryant asserts entitlement to relief upon
the following grounds:

| | |
|---|---|
| Claim One | Bryant failed to receive the effective assistance of counsel because counsel coerced him into signing the plea agreement before conducting an adequate investigation of the evidence arrayed against Bryant. (2255 Mot. 5.)[2] |
| Claim Two | Counsel failed to file an appeal. (Id. at 7.) |
| Claim Three | Counsel failed to raise the issue that the Government had breached the Plea Agreement by failing to move for a reduced sentence for Bryant's substantial assistance. (Id. at 13-16.) |
| Claim Four | Counsel improperly induced Bryant to enter the Plea Agreement by counsel's promise that, "he would ask Prosecutor Olivia |

---

[1] The Court employs the pagination assigned to Bryant's
§ 2255 Motion by the CM/ECF docketing system. The Court has
corrected the capitalization and omitted the emphasis in the
quotations from Bryant's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the
right to . . . have the Assistance of Counsel for his defence."
U.S. Const. amend. VI.

Hawkins to consider [Bryant's cooperation] at sentencing [as] long as movant continued to assist and cooperate . . . ."   (Id. at 24.)

Claim Five          "Movant asserts counsel only provided him with a (15) fifteen page document that mentioned [the] quantity of drugs being sold to persons by movant, but doesn't show any names or evidence that movant participate[d] in a drug conspiracy.   Movant asserts that he never participated in a drug conspiracy . . . ."   (Id. at 26.)

Claim Six           Counsel failed to request a psychological evaluation of Bryant to assess whether Bryant's "mental and emotional condition/abusive childhood warranted a downward departure."   (Id. at 28.)

Claim Seven         Counsel failed to challenge the statement in the Presentence Report ("PSR") "that 15.765 grams of cocaine base had been sold to confidential sources by movant."   (Id. at 31.)

Bryant also has moved to amend his § 2255 Motion to add the following claims:

Claim Eight         Following his plea before the Magistrate Judge, counsel failed to provide Bryant with a copy of the Plea Agreement and failed to provide Bryant with a copy of the Report and Recommendation so that Bryant could object to his plea.   (Supp'l Pleading 2-4, ECF No. 62-1.)

Claim Nine          "Movant's extensive sentence was in part based sole[l]y on rehabilitative measures, mental health issues and drug abuse problems.   The United States District Court erred in light of Tapia[v. United States, 131 S. Ct. 2382 (2011)]."   (May 9, 2013 Mot. Am. 3, ECF No. 72.)

2

Claim Ten          Counsel deficiently allowed Bryant to plead
                   "to a defective criminal information
                   alleging a conspiracy which does not list
                   the penalty [provision] of the offense or
                   other provision of law that the defendant is
                   alleged to have violated . . . ." (Mot. Am.
                   or Supplement 1, ECF No. 75-1.)

Bryant's Motions to Amend (ECF Nos. 62, 71, 72, 75) will be

granted.[3]

Upon reviewing the record in preparing to address Bryant's

claims, the Court realized that no formal order accepting the

Report and Recommendation with respect to Bryant's guilty plea

ever had been entered.  Accordingly, by Memorandum Order entered

on June 17, 2014, the Court appointed counsel to represent

Bryant with respect to the lack of an order adopting the Report

and Recommendation for Bryant's plea.  The Court directed the

Government and counsel for Bryant to file their positions with

respect to the lack of the above described order.

On August 14, 2014, Bryant filed a memorandum wherein he

asserted that his right to due process was violated because "the

Report and Recommendation adopting his guilty plea was never

formally accepted by the district court."  (Mem. Law Supp.

---

[3] Bryant's Motion for an Extension of Time to File a Reply
(ECF No. 79) will be granted and Bryant's Reply (ECF No. 80)
will be deemed timely.  Additionally, Bryant's letter motion to
amend his Memorandum of Law to include an additional exhibit
(ECF No. 70) will be granted.

§ 2255 Mot. 1, ECF No. 93.) For the reasons set forth below, Bryant's claims will be dismissed.

## I. PROCEDURAL HISTORY

On October 6, 2009, Bryant was charged in a three count indictment with conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (Count One), distribution of cocaine base (Count Two) and possession with intent to distribute more than five grams of cocaine base (Count Three. (Indictment 1-2, ECF No. 1.)

On September 2, 2010, Bryant was charged in a criminal information with conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base. (Criminal Information 1, ECF No. 16.) On that same day, Bryant agreed to plead guilty to the above charge. The Plea Agreement advised Bryant that he faced a sentence of between five and forty years of imprisonment. (Plea Agreement 1, ECF 20.)[4] As part of the Plea Agreement, Bryant stipulated that had the matter proceeded to trial, the United States could have proven the following facts beyond a reasonable doubt:

> 1. Starting in early 2005 and continuing through August 14, 2009, . . . JOHN BRYANT conspired with others to distribute and possess with the intent to

---

[4] As part of the Plea Agreement, the Government agreed to dismiss the Indictment. (Plea Agreement ¶ 11.)

4

distribute more than 5 grams of cocaine base. In furtherance of this conspiracy, JOHN BRYANT would obtain wholesale quantities of cocaine base in weights ranging from one to four and a half ounces, which he would break down into smaller quantities and distribute to users and low-level dealers of crack cocaine. During the course of the conspiracy, JOHN BRYANT distributed over 500 grams but less than 1.5 kilograms of cocaine base, commonly known as "crack."
2. On or about July 30, 2009, JOHN BRYANT distributed 0.246 gram [sic] of cocaine base, commonly known as "crack," to a person secretly working for law enforcement.

(Statement of Facts 1, ECF No. 21.)

Bryant executed a "WAIVER OF RIGHT TO RULE 11 PROCEEDINGS BEFORE A UNITED STATES DISTRICT JUDGE." (ECF No. 18.) In that waiver, Bryant stated, in pertinent part,

I understand that I have a right to have a United States District Judge conduct the hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure to determine that my pleas of guilty to the charges in the indictment are knowingly and voluntarily entered, but I desire to waive that right and I consent to having a United Magistrate Judge conduct the hearing, and further consent to having the Magistrate Judge accept my guilty pleas.

(Id. at 1.) The Honorable Dennis W. Dohnal, United States Magistrate Judge, conducted Bryant's Rule 11 colloquy and issued a Report and Recommendation on September 2, 2010 accepting Bryant's guilty plea. (ECF No. 23.)

On November 8, 2010, the case was reassigned to the undersigned. On February 4, 2011, the Court sentenced Bryant to

5

169 months of imprisonment. No order was entered accepting the September 2, 2010 Report and Recommendation. Nevertheless, the undersigned did find Bryant guilty of the charged offense. Specifically, when entering Bryant's Judgment, the Court acknowledged that "[t]he defendant pleaded guilty to a One Count Criminal Information." (J. 1, ECF No. 36.) The Court further stated, "The defendant is adjudicated guilty of these offenses. . . . CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE FIVE (5) GRAMS OR MORE OF COCAINE BASE." (Id.) On February 14, 2011, Bryant, proceeding pro se, filed a notice of appeal. (ECF No. 38.)

The United States Court of Appeals for the Fourth Circuit dismissed Bryant's appeal because "Bryant knowingly and intelligently waived the right to challenge on appeal his sentence and the validity of his guilty plea." United States v. Bryant, No. 11-4204, at 4 (4th Cir. Oct. 3, 2011) (ECF No. 54). Thereafter, Bryant filed his § 2255 Motion.

### III. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington,

466 U.S. 668, 687 (1984).  To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).  The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.  Id. at 697.

### A.    Alleged Inadequate Performance With Respect To The Plea Proceedings

In Claims One, Four, Five, and Ten, Bryant faults counsel with respect to her conduct in conjunction with the plea proceedings.  In the context of a guilty plea, the Supreme Court modified the second prong of Strickland to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would

have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Bryant's assertions that he would have pled not guilty but for counsel's alleged error is not dispositive of the issue. See United States v. Mora-Gomez, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing Hill, 474 U.S. at 59-60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. Id. at 369-70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v.

8

Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted). Accordingly, the Fourth Circuit has admonished that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

In Claim One, Bryant complains that counsel failed to review with him audio and video surveillance of Bryant's drug trafficking. (§ 2255 Mot. 5.) Bryant also vaguely contends that "had he known that . . . his attorney failed to provide discovery in its entirety, he would not have accepted the plea[,] but would have insisted on going to trial . . . ." (Mem. Supp. § 2255 Mot. 8, ECF No. 67.) Relatedly, in Claim Five, Bryant "asserts counsel only provided him with a (15) fifteen page document that mention [the] quantity of drugs being sold to persons by movant, but doesn't show any names or evidence that movant participate in a drug conspiracy. Movant asserts that he never participated in a drug conspiracy . . . ." (§ 2255 Mot. at 26.) These allegations are simply too vague to warrant any relief.

Bryant has failed to advance any reason why he should not be bound by his prior sworn acknowledgement that the Government had sufficient evidence to prove beyond a reasonable doubt that he committed the offense charged in the criminal information. See Lemaster, 403 F.3d at 221. Bryant fails to suggest the surveillance footage or any other material would provide a viable basis for defending against the charge of conspiracy to distribute cocaine base. Meyer, 506 F.3d at 369.

Moreover, Bryant substantially reduced his sentencing exposure by pleading guilty. As Bryant conceded in his Statement of Facts, the Government had sufficient evidence to convict him of conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine base. (Statement of Facts 1.) Additionally, Bryant had two "prior convictions for a felony drug offense." 28 U.S.C. 841(b); (Presentence Report ¶¶ 29, 31). Thus, but for the grace of the Government, Bryant could have been found guilty of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base and sentenced to a mandatory term of life imprisonment. Given these circumstances, Bryant fails to demonstrate that a reasonable defendant in his position would have pled not guilty and insisted on going to trial. As Bryant

fails to demonstrate prejudice, Claims One and Five will be dismissed.

In Claim Four, Bryant contends that counsel improperly induced Bryant to plead guilty by falsely promising that he would ask the prosecutor to consider Bryant's substantial assistance at sentencing.[5]   During his plea colloquy, Bryant assured the Court no one had "forced or compelled" him to plead guilty.   (Sept. 2, 2010 Tr. 14, ECF No. 46.)   Bryant further assured the Court that no one had "promised [him] anything in order for [him] to plead guilty other than what is set forth in

---

[5] Bryant's trial counsel, Taylor Stone, swears that:

> I did not tell Mr. Bryant that he could get both a 5K1.1. reduction at the time of sentencing and a Rule 35(b) reduction later.   In my experience, the U.S. Attorney's Office will not file both. Furthermore, I did not tell Mr. Bryant that the government would file a 5K1.1 motion at the time of sentencing.   In my experience, the U.S. Attorney's Office rarely files such a motion, because it has not had sufficient time to debrief a defendant and put his information to good use between the time of the plea and the sentencing.   In my experience, the government does not file a motion for sentence reduction for substantial assistance until the defendant has completed his cooperation.
>          . . . .
> Mr. Bryant asked me about the sentence reduction for substantial assistance and I explained to him that it was up to the government to file such a motion and that the government will only file such a motion if he provides substantial assistance and does not breach the plea agreement.

(Gov't's Resp. Ex. 2 ("Stone Aff.") 5, 7, ECF No. 65-2.)

11

the written plea agreement." (Sept. 2, 2010 Tr. 14.)   The Plea Agreement further required Bryant's full cooperation (Plea Agreement ¶ 12), but acknowledged the United States retained full discretion on whether to move for a downward departure under the Sentencing Guidelines.   (Id. ¶ 15.)   Thus, it is palpably incredible that Bryant's plea was materially induced by counsel's promise regarding the pursuit of a sentence reduction. Lemaster, 403 F.3d at 221.   Accordingly, Claim Four will be dismissed because Bryant fails to demonstrate prejudice.[6]

In Claim Ten, Bryant complains that counsel allowed him to plead "to a defective criminal information alleging a conspiracy which does not cite the penalty [provision] of the offense or other provision of law that the defendant is alleged to have violated . . . ." (Mot. Am. or Supplement 1.)   Bryant, however, fails to demonstrate how he was prejudiced by this omission. For the reasons discussed above, Bryant fails to demonstrate that a reasonable defendant in his position would have pled not guilty and insisted on going to trial had the criminal information provided all the information he now demands. Accordingly, Claim Ten will be dismissed.

---

[6] As explained below, Bryant's breach of the Plea Agreement caused the Government to forego any motion for substantial assistance. (See infra footnote 7.)

12

### B.   Counsel's Failure To File A Notice Of Appeal

In Claim Two, Bryant faults counsel for failing to file a notice of appeal after Bryant instructed counsel to file an appeal.   In response to Bryant's request that counsel file an appeal, Mr. Stone, by letter dated February 8, 2011, reminded Bryant that he waived his right to appeal as part of the Plea Agreement and that if he attempted to appeal he would breach the Plea Agreement.   (§ 2255 Mot. 9.)   Mr. Stone informed Bryant that such a breach could result in additional charges and that he would not qualify for a sentence reduction for any assistance he had provided to the Government.   (Id.)   Nevertheless, on February 14, 2011, the Court received from Bryant a pro se Notice of Appeal.   (ECF No. 38.)   On October 3, 2011, the Fourth Circuit dismissed the appeal pursuant to Bryant's appeal waiver in the Plea Agreement.   United States v. Bryant, No. 11-4204, at 4 (4th Cir. Oct. 3, 2011).   Given these circumstances, Bryant fails to demonstrate any prejudice flowing from counsel's failure to file an appeal on his behalf.   Claim Two will be dismissed.

### C.   Attempt To Challenge The Magistrate Judge's Acceptance Of Bryant's Guilty Plea

In Claim Eight, Bryant complains that, following his plea before the Magistrate Judge, counsel failed to provide him with

13

a copy of the Plea Agreement and a copy of the Report and Recommendation so that Bryant could timely object to his plea. (Supp'l Pleading 2-4.)  Given Bryant's representations during his plea colloquy, his current assertion, that he intended to file objections, but failed to do so because of counsel's failure to provide him with a copy of the Plea Agreement and the Report Recommendation, is frivolous.

During his plea proceedings, Bryant assured the Court that, he "had [a] sufficient opportunity to talk to [counsel] about everything about [his] case, including any and all possible defenses, as well as the terms of [the] written plea agreement . . . ."  (Sept. 2, 2010 Tr. 13.)  Bryant further acknowledged that he signed the Plea Agreement, only after he "read it in its entirety, discussed its contents with Mr. Stone, and agree[ed] with what is set forth therein." (Sept. 2, 2010 Tr. 16-17.)  Bryant also indicated that he had "[no] question about anything in [the] plea agreement." (Sept. 2, 2010 Tr. 19.)

Upon the conclusion of the plea colloquy, the Court accepted Bryant's guilty plea.  (Sept. 2, 2010 Tr. 24.) Following the acceptance of his plea by the Magistrate Judge, Bryant was required to present a "'fair and just' reason to withdraw his plea." United States v. Benton, 523 F.3d 424, 433-

34 (4th Cir. 2008).  When considering whether to allow a defendant to withdraw a guilty plea, the trial court must consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) *whether the defendant has credibly asserted his legal innocence*, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) *whether defendant has had close assistance of competent counsel*, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (emphasis added).  "Although all of the Moore factors should be considered, the first, second, and fourth are the most important factors in making the determination of whether to allow withdrawal of the plea."  United States v. Huggard, 580 F. App'x 208, 209 (4th Cir. 2014) (citing United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995)).  None of the foregoing factors favor Bryant.  The record reflects that his plea was entered knowingly and voluntarily.  Bryant has not credibly asserted his innocence.  Bryant failed to promptly move to withdraw his plea. Bryant received the close assistance of competent counsel. While the Government has not specifically addressed the fifth factor, the record clearly demonstrates that it would be a waste of judicial resources to permit Bryant to withdraw his plea.

15

Accordingly, Bryant fails to demonstrate that he was prejudiced by the counsel's alleged failure to provide him with a copy of the Plea Agreement or the Report and Recommendation immediately following his guilty plea proceedings. Accordingly, Claim Eight will be dismissed.

### D. Sentencing

In Claim Three, Bryant faults counsel for failing to object to the Government's alleged breach of the Plea Agreement by failing to move for a sentence reduction or downward departure based on Bryant's substantial assistance. As noted above, the Plea Agreement did not bind the Government to make a motion for a downward departure based on Bryant's assistance. Rather, the Plea Agreement provided that the Government had the sole discretion to determine whether such a departure or reduction of sentence was appropriate. Given these circumstances, Bryant fails to demonstrate any breach of the Plea Agreement. Thus, he fails to demonstrate that counsel acted deficiently or any prejudice resulted from counsel's lack of an objection.[7] Claim Three will be dismissed.

---

[7] Taylor Stone notes:

Mr. Bryant debriefed in November 2010 with state law enforcement on an active investigation. I believed that Mr. Bryant was on his way to earning a Rule 35 reduction but never advised Mr. Bryant that such a

In Claim Six, Bryant faults counsel for failing to request a psychological evaluation of Bryant to assess whether Bryant's "mental and emotional condition/abusive childhood warranted a downward departure." (§ 2255 Mot. 28.) Bryant asserts that as a child "he was abused mentally and physically and was told he would never amount to anything and he would end up dead or in prison . . . . [H]e received beatings sometimes for nothing which left him feeling hopeless and depressed." (Id.)[8]

Mr. Stone acknowledges that:

> Shortly before Mr. Bryant's . . . sentencing date, he told me that he wanted mental health counseling. Based on my observations of and dealings with Mr. Bryant, I believed he wanted the counseling to help him cope with his situation, which included facing a substantial jail sentence, an extremely sick mother and brother, and no means of supporting them financially. Nothing indicated that he had any sort of mental defect that affected his ability to continue to participate in or understand the proceedings. At sentencing, per Mr. Bryant's request, I told the court that Mr. Bryant requested mental health counseling.

---

reduction would definitely occur, nor did I advise Mr. Bryant that the government would file for a reduction at the time of sentencing. I did advise Mr. Bryant that if he pursued an appeal of the case that this would be considered a breach of the Plea Agreement and he would be forfeiting whatever sentence reduction motion that the government may have filed.

(Stone Aff. 9.)

[8] Bryant was 48 years old at the time of sentencing. (Presentence Report 2.) The Presentence Report reflected that Bryant's parents often fought, that his father abused his mother, and that his father was an alcoholic. (Id. ¶¶ 72, 73.)

(Stone Aff. 11; see Feb. 4, 2011 Tr. 8.)   Bryant fails to advance any evidence that suggests a downward departure based on his abusive childhood or mental health condition was warranted.[9] See U.S. Sentencing Guidelines Manual § 5K2.13 (2010) (indicating a downward departure "may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense").   Accordingly, counsel reasonably refrained from filing the motion Bryant urges here.   Claim Six will be dismissed for lack of deficiency or prejudice.

In Claim Seven, Bryant contends counsel unreasonably failed to challenge the statement in the Presentence Report ("PSR") "that 15.765 grams of cocaine base had been sold to confidential sources by movant."   (§ 2255 Mot. 31 (citing Presentence Report ¶ 16).)   Bryant asserts this statement was not accurate because 15.519 grams of the quantity of cocaine base referred to above

---

[9] Bryant swears that he "informed Mr. Stone that . . . (Community Memorial Health Center) stated during a visit [that Bryant] could be suffering from an unknown mental disorder and it needed to be addressed." (Bryant Aff. 9, ECF No. 68.) Bryant, however, fails to submit any concrete evidence that indicates he suffers from any significant mental disorder. See United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004) (requiring habeas petitioner to proffer "concrete evidence" of exculpatory nature to support his ineffective assistance claim).

was recovered from a car in which Bryant was a passenger and was "never sold by movant to any source." (§ 2255 Mot. 32.) The Government concedes that the Presentence Report misstates the provenance of this 15.519 grams of cocaine base, but that it was a misstatement without consequence. (Gov't's Resp. 35.)

Specifically, Bryant acknowledged under oath that, for purpose of relevant conduct, he had distributed between 500 grams and 1.5 kilograms of cocaine base. (Statement of Facts ¶ 1.) Initially, the Government and the Probation Officer had determined that Bryant had sold approximately 1,167 grams of cocaine base as part of the conspiracy. (Presentence Report ¶ 16.) Nevertheless, after prolonged and vigorous advocacy by Bryant's counsel, "the Government came to the conclusion that taking the most conservative approach to calculating historic drug weight . . . , the drug weight should be 624.6 grams," which placed Bryant at a base offense "level 32." (Feb. 4, 2011 Tr. 3.) Bryant conceded that 624.6 grams of cocaine base accurately reflected the amount of drugs he had distributed. (Feb. 4, 2011 Tr. 5.) Given the foregoing circumstances, Bryant fails to demonstrate that counsel acted deficiently in not objecting to the immaterial misstatement in paragraph 16 of the Presentence Report regarding the provenance of 15.519 grams of

19

cocaine base.   Furthermore, Bryant fails to demonstrate any reasonable probability of a different result had counsel raised the objection Bryant urges here.   Accordingly, Claim Seven will be dismissed.

In Claim Nine, Bryant contends that the Court committed error when it considered his rehabilitative needs when imposing his sentence.   (May 9, 2013 Mot. Am. 1-2 (citing United States v. Tapia, 131 S. Ct. 2382, 2391 (2011))).   In Tapia, the Supreme Court held that "[18 U.S.C.] Section 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation."   131 S. Ct. at 2391.   In imposing Bryant's sentence, the Court stated that it had considered the objectives of 18 U.S.C. § 3553(a) and concluded that in order

> to serve those objectives that the defendant serve an
> extensive period of confinement, and it is the
> judgment of the Court that to protect the public,
> deter the defendant, promote respect for the law in
> him and others and *to give him the treatment that he
> requires*, it is appropriate that he receive a
> sentence . . . of 169 months . . . .

(Feb. 4, 2011 Tr. 10 (emphasis added).)

The foregoing remarks fail to provide a basis for relief. "[I]n Tapia, the district court expressly stated that its sentence 'ha[d] to be sufficient . . . to provide needed

20

correctional treatment' and openly imposed a sentence to ensure that the defendant was 'in long enough' to participate in a certain drug rehabilitation program." United States v. Altson, 722 F.3d 603, 608 (4th Cir.) (alteration and omission in original) (quoting Tapia, 131 S. Ct. at 2392-93), cert. denied, 134 S. Ct. 804 (2013). As was the case with the defendant in Altson, here, the Court "simply restated the factors listed in § 3553(a)(2) and reflected how each of those factors was met by [Bryant's 169]-month sentence." Id. at 608-09. "Tapia does not prevent a district court from considering the § 3553(a)(2)(D)[10] factor in the course of a sentencing proceeding. Rather, Tapia stands for the proposition that a court cannot impose or lengthen a sentence to ensure that a defendant can complete a training or rehabilitation program." Id. at 609 (citing Tapia,

---

[10] The statute provides, in pertinent part:

**(a) Factors to be considered in imposing a sentence.--** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
  **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
  **(2)** the need for the sentence imposed . . .
    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

131 S. Ct. at 2392).  The Court did not impose or lengthen Bryant's prison term so that he could complete any training or rehabilitation program.  Accordingly, Claim Nine lacks merit and will be dismissed.

### IV.  LACK OF AN ORDER FORMALLY ACCEPTING THE REPORT AND RECOMMENDATION

At this juncture, no order has been entered accepting the Report and Recommendation with respect to Bryant's guilty plea. The Government responds that any request for § 2255 relief based on this omission is barred by the relevant statute of limitations.

#### A.  Statute Of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> > **(1)** the date on which the judgment of conviction becomes final;
> >
> > **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented

>    from making a motion by such
>    governmental action;
>
>    **(3)** the date on which the right asserted
>    was initially recognized by the Supreme
>    Court, if that right has been newly
>    recognized by the Supreme Court and
>    made retroactively applicable to cases
>    on collateral review; or
>
>    **(4)** the date on which the facts supporting
>    the claim or claims presented could
>    have been discovered through the
>    exercise of due diligence.

28 U.S.C. § 2255(f).

Bryant's judgment of conviction became final on Monday, February 13, 2012, when the time to file a petition for a writ of certiorari expired. See 28 U.S.C. § 2255(f)(1); Sup. Ct. R. 13(1) (requiring a petition for certiorari to be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Accordingly, Bryant had until Wednesday, February 13, 2013, to file any claim for relief under § 2255. Although Bryant's initial § 2255 Motion was timely filed, neither Bryant nor the Court invoked the lack of an order adopting the Magistrate Judge's Report and Recommendation on his guilty plea as a basis for § 2255 relief (hereinafter "the failure to adopt the R&R claim") until well after the limitation period had expired. Accordingly, the statute of limitation bars the failure to adopt the R&R claim

23

unless Bryant demonstrates entitlement to belated commencement of the limitation period, see 28 U.S.C. § 2255(f)(2)-(4), equitable tolling, or that the failure to adopt the R&R claim relates back to a timely filed claim for § 2255 relief.   Bryant contends that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(4) and equitable tolling for his failure to adopt the R&R claim.   For the reasons set forth below, the Court rejects those arguments.

**B.   Belated Commencement And Equitable Tolling**

Whether a petitioner has exercised due diligence to warrant a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case.   See Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000).   A petitioner bears the burden to prove that he or she exercised due diligence.   DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006).   Due diligence "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims."   Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)).   A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due

diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. See id. at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new Brady[11] claim prior to filing his first § 2254 petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

Here, the fact that the Court failed to formally adopt the Magistrate Judge's Report and Recommendation was a matter of public record, which was discoverable at any time before Bryant's sentencing. See Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003). Certainly, a reasonable person acting with due diligence could have discovered the facts for this new claim prior to the time his judgment of conviction became final on February 13, 2012. Accordingly, Bryant fails to demonstrate entitlement to a belated commencement of the limitation period with respect to his failure to adopt the R&R claim.

---

[11] Brady v. Maryland, 373 U.S. 83 (1963).

25

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Bryant fails to demonstrate that any extraordinary circumstances prevented him from simply reviewing the public docket and filing the failure to adopt the R&R claim in a timely fashion. Accordingly, Bryant fails to demonstrate entitlement to equitable tolling.

### C.   Relation Back

In the context of federal habeas petitions, the Supreme Court has stated that, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005). Nevertheless, an amended claim

"does not relate back (and thereby escape[s] AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. In this regard, it is not sufficient that the new claim simply has the same form as the original claims if the new claim "arises out of wholly different conduct." United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000).

In his timely § 2255 claims, Bryant did not contend that the District Court erred in failing to adopt the Report and Recommendation with respect to his guilty plea. Bryant's new claim constitutes a different type of claim. Pittman, 209 F.3d at 318 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)); see United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (holding claim of alleged ineffective assistance based on counsel's failure to explain consequences of guilty plea failed to relate back to claim alleging due process violation based on trial court's failure to advise defendant of same); see also Schneider v. McDaniel, 674 F.3d 1144, 1151-52 (9th Cir. 2012) (holding no relation-back because claims of trial counsel's alleged failures "are different in type" from claims of trial court's alleged errors). Accordingly, Bryant's

failure to adopt the R&R claim does not relate back to any timely claims filed by Bryant. Accordingly, any § 2255 relief based on the failure to adopt the R&R is barred by the statute of limitations and will be dismissed.

   **D.  Rule 36**

   The Government contends that the Court can correct the failure to enter an order accepting Report and Recommendation under Federal Rule of Criminal Procedure 36. That rule provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Nevertheless, clerical errors are narrowly defined. "'[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996) (alteration in original) (quoting United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995)). As this Court has observed, "Rule 36 'cannot be used to fix judicial gaffes.'" United States v. Burwell, No. 3:03cr203, 2011 WL 9529405, at *2 (E.D. Va. July 8, 2011) (some internal quotation marks omitted)

(quoting United States v. Lawrence, 535 F.3d 631, 6350 (7th Cir. 2008))); see United States v. Daddino, 5 F.3d 262, 264-65 (7th Cir. 1993)(citation omitted) (internal quotation marks omitted) (concluding that errors which "arose from an oversight or omission by the court, rather than through a clerical mistake, . . . are not within the purview of Rule 36"); but see United States v. Loe, 248 F.3d 449 (5th Cir. 2001) (holding that a judge who failed to include a final forfeiture order in the formal written sentencing order could amend that judgment as a clerical error when he had already entered a preliminary forfeiture order and indicated at the sentencing hearing that he would include that order in the judgment); United States v. Mitchell, 70 F. App'x 707, 715 (4th Cir. 2003) (observing that "the failure to incorporate the forfeiture order into the judgment of conviction and sentence was simply a ministerial error" and failed to warrant relief under plain error review). As the omission of an order adopting the Report and Recommendation arose from an oversight by the Court, rather than a clerical mistake, its correction falls outside the purview of Rule 36.

## V. CONCLUSION

Bryant's Motions to Amend the § 2255 Motion (ECF Nos. 62, 70, 71, 72, 75) will be granted. Bryant's Motion for Extension of Time (ECF No. 79) will be granted. The Court also considers Bryant's Reply (ECF No. 80) in assessing his § 2255 Motion. Bryant's claims will be dismissed. Bryant's § 2255 Motion (ECF No. 60) will denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Bryant fails to satisfy this standard for Claims One through Ten. The Court, however, grants a certificate of appealability with respect to the failure to adopt the R&R claim.

The Clerk is directed to send a copy of the Memorandum Opinion to Bryant and counsel of record.

And it is so ordered.

                                    /s/   REP
                          _____
                          Robert E. Payne
                          Senior United States District Judge

Date: March 2, 2015
Richmond, Virginia