IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　Criminal Action No. 3:09CR347
　　　　　　　　　　　　　　　　Civil Action No.  **3:16CV768**
JOHN BRYANT, JR.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on March 3, 2015, the Court denied a 28 U.S.C. § 2255 motion filed by John Bryant.[1] (ECF Nos. 99, 100.) On June 29, 2016 and July 18, 2016, the Court received from Bryant a document titled "Motion Pursuant to Fed.R.crim.P.11(d)(2)(b) and rule 11(d)(1)." (ECF Nos. 124, 125.) As explained below, this Motion must be treated as a successive, unauthorized § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

---

[1] In that motion, Bryant asserted that he was entitled to relief because, inter alia, the Court failed to properly accept his guilty plea.

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "'motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Bryant's "Motion Pursuant to Fed.R.crim.P.11(d)(2)(b) and rule 11(d)(1)" seeks to avoid his plea agreement and withdraw

2

his guilty plea based on procedural irregularities. Because Bryant "'asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s],'" the Motion (ECF Nos. 124, 125) will be treated as a successive § 2255 motion. McCalister, 453 F. App'x at 778 (quoting Spitznas 464 F.3d at 1215). Accordingly, the Motion (ECF No. 124, 125) is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Bryant's successive § 2255 motion, the Motion (ECF Nos. 124, 125) will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 14, 2016